# NO. 12-16-00009-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS FOR* | § | *APPEAL FROM THE* |
| *THE BEST INTEREST AND* | § | *COUNTY COURT AT LAW* |
| *PROTECTION OF S.S.* | § | *CHEROKEE COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

S.S. appeals from an order authorizing the Texas Department of State Health Services to administer psychoactive medication. In his sole issue, S.S. challenges the legal sufficiency of the evidence to support the trial court's order. We affirm.

### BACKGROUND

On December 29, 2015, Dr. Robert Lee signed an application for a court order to administer psychoactive medication to S.S. Dr. Lee stated that S.S. was subject to an order for inpatient mental health services under Chapter 46B of the Texas Code of Criminal Procedure. He stated that S.S. was diagnosed with schizoaffective disorder, bipolar type, and refused to take medication voluntarily. Dr. Lee opined that S.S. lacked the capacity to make decisions regarding administration of psychoactive medications because S.S. was paranoid about medication and had poor insight and judgment. He concluded that medication is the proper course of treatment for S.S. and that his prognosis is "fair" if treated with medication. He believed that S.S. would suffer mental deterioration and present a danger to himself or others if not treated with the proposed medications. Dr. Lee considered alternatives to psychoactive medication, but determined that those alternatives would not be as effective. He also believed the benefits of psychoactive medication outweighed the risks in relation to the current medical treatment being provided and were in S.S.'s best interest.

At a hearing on the application, Dr. Satyajeet Lahiri, S.S.'s treating physician at Rusk State Hospital, testified that S.S. suffers from schizoaffective disorder, bipolar type. He testified that S.S. was charged with possession of a firearm by a felon. According to Dr. Lahiri, S.S. clearly indicated a desire not to take medication because he believes that he does not need medication, has concerns regarding medical side effects, is very aware, and respects his body. Dr. Lahiri described S.S.'s reasons for refusing medication as "not rational." Although he admitted S.S. has some genuine reasons and factual knowledge about medication, he did not believe that S.S. had "rational knowledge." He testified that S.S. has "some reasoning," but has been found incompetent, lacks the capacity to make decisions for himself, lacks insight regarding his mental illness, and does not understand that he was committed for treatment and to regain competency. Dr. Lahiri testified that S.S. believes he is competent. Dr. Lahiri did not believe that S.S. could weigh the risks versus the benefits of taking medication. He explained that S.S.'s mixed mania and psychosis adversely interferes with S.S.'s ability to regain competency. He wished to treat S.S. with (1) an antidepressant, (2) an antipsychotic to improve rational thinking and restore competency, (3) anxiolytics for anxiety, (4) mood stabilizers for mood disorder and psychosis, and (5) a beta blocker to reduce excitability and anxiety. He testified that S.S. would be monitored for side effects and his doses altered if necessary to improve communications with his attorney. Dr. Lahiri testified that, without medication, S.S.'s competency would not likely be restored.

S.S. testified that he is vegan, works out, and takes care of himself. He testified that he wants to prove competency so he can proceed to trial, but he expressed concern over the side effects of medication. He studied different types of side effects and disliked the symptoms that could be caused by psychotropic drugs. S.S. believed the proceedings to be "unfair" and believed he was in a hostile environment under the threat of medication. He explained that he is knowledgeable regarding the judicial system, can work with his attorney, and knows to behave appropriately. At the conclusion of the hearing, the trial court found, by clear and convincing evidence, that the order authorizing the administration of medication should be entered.

## SUFFICIENCY OF THE EVIDENCE

In his sole issue, S.S. maintains that the evidence is legally insufficient to support the trial court's order. He contends that Dr. Lahiri's testimony constitutes a bare opinion that is not clear

2

and convincing evidence of S.S.'s inability to make decisions regarding psychoactive medication.

## Standard of Review

In a legal sufficiency review where the burden of proof is clear and convincing evidence, we look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its findings were true. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). We assume that the fact finder settled disputed facts in favor of its finding if a reasonable fact finder could do so and disregard all evidence that a reasonable fact finder could have disbelieved or found incredible. *Id*. This does not mean that we are required to ignore all evidence not supporting the finding because that might bias a clear and convincing analysis. *Id*.

## Order to Administer Psychoactive Medication

A trial court may issue an order authorizing the administration of psychoactive medications to a patient who is under a court order to receive inpatient mental health services. TEX. HEALTH & SAFETY CODE ANN. § 574.106(a) (West 2010). The trial court must find, by clear and convincing evidence, that (1) the patient lacks the capacity to make a decision regarding the administration of the proposed medication and (2) treatment with the proposed medication is in the patient's best interest. *Id*. § 574.106(a–1). "Clear and convincing evidence" means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *State v. Addington*, 588 S.W.2d 569, 570 (Tex. 1979). "Capacity" means a patient's ability to (1) understand the nature and consequence of a proposed treatment, including the benefits, risks, and alternatives to the proposed treatment, and (2) make a decision whether to undergo the proposed treatment. TEX. HEALTH & SAFETY CODE ANN. § 574.101(1) (West 2010). The trial court shall consider (1) the patient's expressed preferences regarding treatment with psychoactive medication, (2) the patient's religious beliefs, (3) the risks and benefits, from the patient's perspective, of taking psychoactive medication, (4) the consequences to the patient if the medication is not administered, (5) the patient's prognosis if treated with psychoactive medication, (6) alternatives to treatment with psychoactive medication, and (7) less intrusive treatments likely to secure the patient's agreement to take psychoactive medication. *Id*. § 574.106(b).

3

**Analysis**

In the application, Dr. Lee stated his belief that S.S. lacked capacity to make decisions regarding administration of psychoactive medications because he lacked insight and judgment, and was paranoid regarding medications. Dr. Lee determined that the consequences of no medication included S.S.'s mental deterioration and danger to S.S. or others. Dr. Lahiri explained that S.S. lacks the capacity to make decisions because he has no insight into his mental illness. Dr. Lahiri further stated that S.S. did not feel he needed medications despite being diagnosed with schizoaffective disorder, bipolar type, which includes mixed mania and psychosis. According to Dr. Lahiri, S.S.'s mania and psychosis interfered with his ability to become competent and his competency would not likely be restored without psychoactive medication.

S.S. expressed concern about taking psychoactive medications because of their potential side effects. Dr. Lahiri's testimony indicates that while S.S. has genuine concerns, Dr. Lahiri still recommended that S.S. be treated with psychoactive medications. *See State ex rel. E.K.*, No. 12–06–00407–CV, 2007 WL 1492104, at *4 (Tex. App.—Tyler May 23, 2007, no pet.) (mem. op.); *State ex rel. D.H.*, No. 12–04–00181–CV, 2004 WL 2820896, at *4 (Tex. App.—Tyler Dec. 8, 2004, no pet.) (mem. op.). The trial court is not required to defer to S.S.'s preferences, but must consider them. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.106(b).

Considering all the evidence in the light most favorable to the trial court's ruling, we conclude a reasonable trier of fact could have formed a firm belief or conviction that S.S. lacked the capacity to make a decision regarding administration of the proposed medications and that treatment with the proposed medications was in S.S.'s best interest. *See id*. § 574.106(a–1); *In re J.F.C.*, 96 S.W.3d at 266. Because the evidence is legally sufficient to support the trial court's order, we overrule S.S.'s sole issue. *See In re J.F.C.*, 96 S.W.3d at 266.

**DISPOSITION**

Having overruled S.S.'s sole issue, we *affirm* the trial court's order authorizing the Texas Department of State Health Services to administer psychoactive medication.

GREG NEELEY
Justice

4

Opinion delivered May 27, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MAY 27, 2016

NO. 12-16-00009-CV

**THE STATE OF TEXAS FOR THE BEST**
**INTEREST AND PROTECTION OF S. S.,**

Appeal from the County Court at Law
of Cherokee County, Texas (Tr.Ct.No. Mi41806)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*